UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case Number 03-20027
                                                    Honorable David M. Lawson

KAREEM JABALI GASKEW,

        Defendant.

_____/

**ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

      Presently before the Court is the defendant's motion seeking a reduction of his sentence based on a retroactive application amendment to the sentencing guidelines.

      The defendant suggests that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. USSG § 2D1.1(c) (2015). On August 22, 2005, the defendant pleaded guilty to possession with intent to distribute less than five grams of cocaine base. The Court sentenced the defendant to a total term of imprisonment of 86 months and later reduced that sentence to 70 months based on an earlier retroactive amendment to the sentencing guidelines reducing the offense level for distribution of cocaine base. The defendant served his sentence and on November 25, 2009 the defendant was released from imprisonment and began supervised release for a term of six years. On April 15, 2014, the Court revoked his supervised release and sentenced him to 18 months of incarceration for violations of the conditions of his supervised release. The custody term was to commence after the completion of the undischarged term of a state court sentence.

      Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is

imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

The defendant is not eligible for a sentence reduction because the defendant is not in custody for a sentence based on a guideline range that has been modified. Instead, the defendant is incarcerated for 18 months for violating the conditions of his supervised release. *See* 18 U.S.C. § 2583(e)(3). That sentence was not based on a sentencing range subsequently lowered by the Sentencing Commission. The defendant has already completed his term of imprisonment for his 2005 conviction; therefore, Amendment 782 cannot justify reduction of the sentence imposed in that case. *See United States v. Bravo*, 362 F. App'x 456, 458 (6th Cir. 2010) (holding that "an appeal of a district court's denial of re-sentencing under § 3582(c)(2) becomes moot upon completion of the appellant's custodial term."); *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (holding that crack-cocaine retroactive amendment did not apply to an already-completed sentence, and a sentence later imposed when supervised release on the initial sentence is revoked is not a part of the original sentence), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015).

Accordingly, it is **ORDERED** that the defendant's motions for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(2) [dkt. #50] is **DENIED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 21, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 21, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI